-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE ORRACA,

        Plaintiff,

  -v-                                  07-CV-0364S

MASTRANTONIO, JR., B. EVANS,        ORDER
S. EVERETTS, and SHERETA,

        Defendants.

---

The Court had previously granted plaintiff, a prisoner, permission to proceed in forma pauperis and directed, on two separate occasions, service of the summons and complaint to be effected on the defendants by the United States Marshals Service. Based on communications between the Court's Pro se Office and the Marshals Service, the Marshals Service attempted to serve the defendants by mail, see Fed.R.Civ.P. 4(e)(1) and N.Y.C.P.L.R. § 312-a, but the defendants, even if they had received the summons and complaint and Marshal Process Receipt and Return Form (USM-285), did not return acknowledgments of service to the Marshals Service, which under N.Y.C.P.L.R. § 312-a is when service is "complete" and constitutes proof of service.[1]

---

[1] N.Y.C.P.L.R. § 312-a provides in pertinent part:

**(b) Completion of service and time to answer.** 1. The defendant . . . must complete the acknowledgement of receipt and mail or deliver one copy of it within thirty (30) days from the date of receipt. Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service.

Plaintiff has filed two motions for default judgment against the defendants based on the defendants' "failure" to respond to the complaint in a timely manner and as directed by the Court in its orders directing service. (Docket Nos. 9 and 10). While the motions must be denied because plaintiff has not first sought and obtained an entry of default pursuant to Fed.R.Civ.P. 55(a), see Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A., 782 F.2d 329, 335 (2d Cir. 1986) (entry of default is a prerequisite to obtaining a default judgment),[2] the Court, pursuant to Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997), will request the New York State Attorney General's Office to ascertain the addresses at which the defendants named in the complaint may be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff and the Marshals Service may properly serve the defendants as instructed by the Second Circuit in Valentin.

Accordingly, the plaintiff's motions for a default judgment (Docket Nos. 9 and 10) are denied and the Attorney General's Office is hereby requested to produce the information specified above by **March 11, 2009**. Once this information is provided amended summonses shall be issued and the Court shall direct service on the

---

[2]The Court notes that there is no proof that service has been effected on the defendants, as is required before the Clerk may make an entry of default. See Fed.R.Civ.P. 55(a). If a defendant does not return an acknowledgment of service, service must be accomplished in another manner and, pursuant to N.Y.C.P.L.R., § 312-a(f), the reasonable expense of service by another method shall be taxed against the defendant.

defendants. The Clerk of Court shall send a copy of this Order and the complaint to the New York State Attorney General's Office, Buffalo Region Office, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, New York 14202.

**SO ORDERED.**

s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:    February 4, 2009
          Rochester, New York